BORIS GOLDBERG AND MARINA GOLDBERG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goldberg v. Commissioner
Docket No. 17970-87
United States Tax Court
T.C. Memo 1989-380; 1989 Tax Ct. Memo LEXIS 379; 57 T.C.M. (CCH) 1098; T.C.M. (RIA) 89380; July 26, 1989
Fred Alan Jones, for the petitioners. Thomas G. Schleier and Cynthia K. Hustad, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: [1] By notice of deficiency dated May 15, 1987, respondent *380 determined a deficiency in petitioners' 1984 income tax of $ 20,617.22 and additions to tax under sections 6653(a)(1), 6653(a)(2) and 6661. [2] On April 11, 1988, the parties submitted a stipulation for decision to the Court, wherein respondent conceded that there is no deficiency in income tax or additions to tax due from petitioners for 1984. The matter is before us at this time on petitioners' motion for litigation costs pursuant to Rule 231. Petitioners' Motion For Litigation Costs was filed with the Court on May 25, 1988, and on June 2, 1988, the Court entered an order directing respondent to file a written response within 60 days. Respondent filed a Notice Of Objection To And Opposition To Petitioners' Motion For Litigation Costs on July 21, 1988. Both parties have consented to deciding this matter without holding *381 an evidentiary hearing, and we find that such a hearing is not necessary because the relevant facts are not in dispute. Petitioners resided in San Francisco, California at the time their petition was filed. In 1984, petitioners were the only two partners in a partnership known as Tvorchestvo Enterprises. Petitioner Marina Goldberg was identified as Marina Fuks on the partnership's 1984 tax return. The 1984 tax return of Tvorchestvo Enterprises showed total income of $ 63,720.00 for the partnership, allocated $ 61,793.00 in a column labeled "computer" and $ 1,927.00 in a column labeled "art design." The partnership return indicates that partnership income for 1984 was distributed to petitioners on a 50/50 basis. Tvorchestvo Enterprises experienced a net loss in 1984. For 1984, petitioners filed a joint income tax return which included each partner's distributive share of net income (loss) from Tvorchestvo Enterprises. Neither petitioners' joint return nor the partnership return specifically referred to any income received from Jacob Gluz or Merchandise Factory. Meanwhile, the Internal Revenue Service had received a Form 1099-MISC from Jacob Gluz indicating payment of nonemployee *382 compensation of $ 61,993.00 to Boris Goldberg, and a Form 1099-MISC from Merchandise Factory indicating payment of nonemployee compensation of $ 1,150.00 to Marina Fuks. Respondent first contacted petitioners about the perceived non-reporting of the $ 63,143.00 income from Jacob Gluz and Merchandise Factory in October of 1986. Attorney for petitioners, Fred Alan Jones, telephoned Ms. Katherine Smith of respondent's Underreporter Department in Fresno, California on October 29, 1986 and attempted to explain that the alleged unreported income had indeed been reported on the partnership return, and consequently on petitioners' joint return as partnership income (loss). Mr. Jones followed up on this telephone conversation with a letter to the IRS explaining the perceived problem. In March of 1987, respondent again contacted petitioners regarding the $ 63,143.00 of unreported income for 1984. Throughout April of 1987, Mr. Jones continued to assert that petitioners had reported all their 1984 income on their individual and partnership returns. None of the written correspondence from Mr. Jones to respondent explained the discrepancy between the $ 63,720.00 total income on the partnership *383 return of Tvorchestvo Enterprises and the $ 63,143.00 reported on the Forms 1099-MISC. Respondent issued a Notice of Deficiency to petitioners on May 15, 1987, determining a deficiency of $ 20,617.22 in petitioners' income tax for 1984, along with additions to tax of $ 1,030.86, $ 5,154.30 and 50% of the interest due on the deficiency, pursuant to sections 6653(a)(1), 6661(a) and 6653(a)(2), respectively. Petitioners filed their petition disputing respondent's determination on June 15, 1987 and respondent answered with a general denial filed July 28, 1987. Respondent's Appeals Officer contacted petitioners' counsel in September of 1987 and requested clarification and substantiation of some facts. Upon receiving the requested information from petitioners' counsel, the appeals officer indicated that the case could be resolved prior to trial. Two or three weeks later, petitioners received a letter from respondent's Fresno office acknowledging full payment of petitioners' 1984 tax liability. On November 12, 1987, the case was set on the trial calendar for April 11, 1988 in San Francisco. In March of 1988, petitioners' counsel felt obliged to prepare for trial, having not heard *384 from respondent since September. Petitioner did not attempt to contact respondent regarding the status of the case before proceeding to prepare for trial. Counsel for petitioners received the proposed stipulation for decision from respondent on March 22, 1988. The stipulation for decision, signed by both parties, was submitted to the Court on April 11, 1988 before the case was called on the trial calendar and our decision was entered on April 25, 1988. In a proceeding before this Court to determine the amount of any tax, interest or penalty, we are authorized to award to the prevailing party a judgment for the reasonable litigation costs incurred by such party in such proceeding. Sec. 7430(a). [3] To qualify as the prevailing party within the meaning of section 7430(a) petitioners must establish among other things that the position of the United States (respondent in this proceeding) was not substantially justified. Sec. 7430(c)(2)(A)(i). In addition, petitioners must also establish that with respect to the amount in controversy or with respect to the issues presented they substantially prevailed in the proceeding, sec. 7430(c)(2)(A)(ii); that at the commencement of the proceeding *385 they had a net worth of not more than $ 2,000,000.00, sec. 7430(c)(2)(A)(iii); and that they exhausted the administrative remedies available to them within the Internal Revenue Service, sec. 7430(b)(1). *386 Respondent concedes that petitioners have substantially prevailed in this proceeding with respect to the amount in controversy. On the other hand, respondent contends that petitioners have failed to show that respondent's position was not substantially justified, that the amount of costs claimed is reasonable, and that petitioners had a net worth under $ 2,000,000.00 at the time the petition was filed. [4] We find that petitioners have failed to establish that respondent's position was not substantially justified, and thus we find it unnecessary to address the reasonableness of claimed costs or petitioners' net worth. Petitioners contend that respondent's pre-litigation conduct was unreasonable in that all evidence necessary to *387 support petitioners' petition that the alleged income had already been reported was in the hands of the Internal Revenue Service well before issuance of the deficiency notice and was completely ignored by respondent. In determining whether respondent's position is substantially justified administrative actions or inactions are limited to the period beginning with the point at which respondent's district counsel becomes involved, and respondent's pre-litigation conduct before that point is irrelevant. Egan v. Commissioner, 91 T.C. 705 (1988) (For proceedings commenced after Nov. 10, 1988 see section 7430(c)(7)). Even if we were to consider respondent's conduct in this case before involvement of district counsel, however, we find the evidence submitted by petitioners devoid of any conclusive explanation for the discrepancy between the $ 63,720.00 entered on the partnership return and the $ 63,143.00 total of the Forms 1099-MISC. While this discrepancy might have been clarified without too much trouble, we find it plausible that respondent might initially have thought the $ 63,720.00 income reported by the partnership to have come from a source other than Jacob Gluz *388 or the Merchandise Factory. Petitioners' oral explanation in September of 1987 apparently satisfied respondent's appeals officer, but petitioner has not demonstrated why that explanation was so overpowering in its logic that respondent's agents at previous administrative levels were unreasonable in rejecting it. Petitioner contends that respondent's post-petition litigation position was not substantially justified in that respondent took six months from first accepting petitioners' explanation in September of 1987 before finally conceding the case by proposed stipulation for decision in March of 1988. Under the facts of this case, we are unwilling to equate respondent's district counsel's inaction with the maintenance of a substantially unjustified position. See Cosby v. Commissioner, T.C. Memo. 1988-506 (October 20, 1988). Petitioners never attempted to induce respondent to reach a more expeditious resolution of their case during the six months complained of, and there is no evidence that respondent ever affirmatively delayed the resolution process. See Cosby v. Commissioner, supra.Furthermore, respondent explains his inaction by reference *389 to the large case load carried by respondent's San Francisco office during the six months in question. Handling at least 15 trial calendars during a six month period certainly mitigates any criticism of respondent that might normally be the result of a six month delay. See Cosby v. Commissioner, supra.
For the foregoing reasons, Petitioners' motion for litigation costs will be denied. Footnotes
1. This case was assigned to Judge Drennen for purposes of ruling on petitioners' Motion For Litigation Costs. ↩
2. All section references, unless otherwise noted, are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise noted.↩
3. Unless otherwise indicated, all references to section 7430 refer to section 7430 as it appears in the Internal Revenue Code of 1986. Insofar as applicable here section 7430 reads as follows: SEC. 7430. AWARDING OF COURT COSTS AND CERTAIN FEES. (a) IN GENERAL. -- In the case of any civil proceeding which is -- (1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and (2) brought in a court of the United States (including the Tax Court and the United States Claims Court), the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district court) for reasonable litigation costs incurred in such proceeding. (b) LIMITATIONS. -- (1) REQUIREMENTS THAT ADMINISTRATIVE REMEDIES BE EXHAUSTED. -- A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. * * * (c) DEFINITIONS. -- For purposes of this section -- * * * (2) PREVAILING PARTY. -- (A) IN GENERAL. -- The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which -- (i) establishes that the position of the United States in the civil proceeding was not substantially justified, (ii)(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and (iii) meets the requirements of section 504(b)(1)(B) of title 5, United States Code (as in effect on the date of the enactment of the Tax Reform Act of 1986 and applied by taking into account the commencement of the proceeding described in subsection (a) in lieu of the initiation of the adjudication referred to in such section). * * * (4) POSITION OF UNITED STATES. -- The term "position of the United States" includes -- (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based.↩
4. We note that several recent motions for litigation costs filed with the Court have failed to address the issue of petitioner's net worth. See Egan v. Commissioner, 91 T.C. 705 (1988); see also Libbey v. Commissioner, T.C. Memo. 1988-504 (October 19, 1988); Doyle v. Commissioner, T.C. Memo. 1988-449 (September 20, 1988); Hall v. Commissioner, T.C. Memo. 1988-187↩ (April 26, 1988).